# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| SARAH ANN FLYNN., | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : NO. 19-0058 |
| ANDREW M. SAUL[1], COMMISSIONER OF SOCIAL SECURITY, | : |
| Defendant. | : |

**Henry S. Perkin, M.J.**                                                                                **January 30, 2020**

## MEMORANDUM

Sarah Ann Flynn ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. In her request for review, Plaintiff raises three claims, one which is premised on *Lucia v. Securities and Exchange Commission,* 138 S. Ct. 2044 (2018), that the administrative law judge ("ALJ") who decided her case was not appointed in compliance with the Appointments Clause of the U.S. Constitution. Pl.'s Br. and Statement of Issues in Support of Request for Review, pp.3; Pl.'s Reply Br. at 1-8 (ECF Nos. 10, 14). Defendant argues that Plaintiff forfeited this claim by not challenging the ALJ's appointment in the agency proceeding. Def. Br. at 5-15 (ECF No. 13). After careful review, and following the Third Circuit decision on January 23, 2020 in *Cirko v. Comm'r of Soc.*

---

[1] On June 17, 2019, Andrew M. Saul was sworn in as the Commissioner of the Social Security Administration and, therefore, he should be automatically substituted as the Defendant in this action. See Fed. R. Civ. P. 25(d).

*Sec.* and *Bizarre v. Comm'r of Soc. Sec.*, ___ F.3d ___, 2020 WL 370832 (3d Cir. Jan. 23, 2020), and for the reasons set forth below, the Court finds that the ALJ was improperly appointed under the Constitution and Plaintiff did not forfeit her Appointments Clause claim. Therefore, Plaintiff's request for review is granted, and this matter will be remanded to the Commissioner for further proceedings in accordance with the following memorandum.

## I. BACKGROUND

Plaintiff filed for DIB on November 19, 2014 and for SSI on January 25, 2017, alleging disability since July 1, 2012.[2] (Tr. 21, 91, 103, 249-256, 268-276) Plaintiff asserted that she became disabled on that date due to depression, anxiety, epilepsy, vertigo, blindness of the left eye, asthma, and gastroesophageal reflux disease (GERD). (Tr. 91, 94-96.)

Plaintiff's application for DIB was denied at the initial level on February 26, 2015[3], and she filed a timely request for a hearing before an Administrative Law Judge ("ALJ") on March 17, 2015. (Tr. 21, 91-103, 111-112.) Plaintiff's SSI claim was escalated to the hearing level without an initial disposition. (Tr. 21.) A hearing was held before ALJ Stuart Gaffreau on March 1, 2017, and Plaintiff, represented by counsel, appeared and testified. (Tr. 40-90.) On April 25, 2017, ALJ Gaffreau issued an unfavorable decision, finding that Plaintiff was not disabled. (Tr. 18-39.) The Appeals Council denied Plaintiff's request for review on November 19, 2018. (Tr. 1-6.) Thus, the ALJ's decision became the final decision of the agency.

Plaintiff initiated a civil action on December 11, 2018, seeking judicial review of the Commissioner's decision. (ECF No. 2.) Plaintiff's request for review was filed April 24, 2019. (ECF No. 10.) The Commissioner filed his response on June 6, 2019, and Plaintiff filed a reply

---

[2] Plaintiff initially alleged onset of her disability on July 1, 2010 in her application for SSI benefits. (Tr. 268.) She amended the alleged onset date to July 1, 2012 through a pre-hearing brief. (Tr. 3364.)

[3] The ALJ decision notes that Plaintiff's DIB application was denied on March 9, 2015, however, the record indicates that the application was denied on February 26, 2015.

brief on June 12, 2019. (ECF Nos. 13, 14.) The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c), including entry of final judgment. *See* ECF No. 3, ¶ 2 (Notice of Commissioner's General Consent); ECF No. 6 (Plaintiff's Consent Form).

On July 10, 2019, Defendant filed an unopposed motion to stay the case pending a decision from the Third Circuit in *Cirko* and *Bizarre* on the Appointments Clause challenge presented by Plaintiff. (ECF. No. 15.) This Court granted Defendant's stay and ordered the matter be put in suspense on October 7, 2019. (ECF No. 17.)

## II.  DISCUSSION

Plaintiff's Appointments Clause challenge is that the ALJ did not have the authority to issue a disability determination because he was an inferior officer not appointed pursuant to the Constitution. Plaintiff's argument is based upon the Supreme Court's decision in *Lucia v. SEC*, 138 S.Ct. 2044 (2018), that ALJs in the Securities and Exchange Commission ("SEC") exercised "significant discretion" in carrying out "important functions" and were therefore required under the Appointments Clause, U.S. Const. art. II, § 2, cl. 2, to be appointed by the President, a court of law, or a head of department. *Id.* at 2053 (citation omitted). Because the SEC ALJs were not so appointed, the petitioner there was entitled to a new hearing before a different constitutionally appointed ALJ. *Id.* at 2055. The Court held that Lucia's argument was timely because it was raised on appeal before the Commission, in the Court of Appeals and before the Supreme Court. *Id.* at 2049, 2055.

When *Lucia* was decided on April 23, 2018, SSA ALJs were appointed from a pool of applicants maintained by the Office of Personnel Management. *Menoken v. McGettigan*, 273 F.Supp.3d 188, 192 (2017). Following the *Lucia* decision, the President signed an Executive

Order on July 10, 2018 directing the hiring of ALJs by individual agencies and not the OPM central pool. Exec. Order No. 13, 843, 83 Fed, Reg. 32755 (July 10, 2018). That Order prospectively changed the appointment process of ALJs, but did not affect the status of previously appointed ALJs. *Id.* In response to *Lucia*, the Acting Commissioner of Social Security reappointed the Agency's administrative judges under her own authority on July 16, 2018.

Certain disability claimants were challenging the Social Security Agency's denial of their claims in District Court when *Lucia* was decided, and although they had not previously raised an Appointments Clause claim, they immediately demanded new hearings on the ground that the Agency's ALJs were unconstitutionally appointed. Because neither the Supreme Court nor the Third Circuit had addressed whether the *Lucia* decision was applicable to Social Security ALJs, courts within this Circuit were divided on this issue. The Third Circuit recently held, however, that Social Security disability claimants may raise Appointments Clause challenges in federal court without having exhausted those claims before the Agency.[4] The Court remanded the cases for hearings before constitutionally appointed ALJs other than those who presided over the claimants' first hearings. *See Cirko v. Comm'r of Soc. Sec.* and *Bizarre v. Comm'r of Soc. Sec.*, --- F.3d ---, 2020 WL 370832 (3d Cir. Jan. 23, 2020).

Like the claimants in *Cirko* and *Bizarre*, Plaintiff presented her Appointments Clause claim to this Court at the first briefing opportunity after *Lucia* was decided. The remedy for an Appointments Clause violation is a new hearing before a properly appointed ALJ other than the ALJ who decided Plaintiff's case. *Id.* Plaintiff's remaining two claims in this appeal will not be

---

[4] The Court limited its decision to issue exhaustion of Appointments Clause challenges. *See Cirko v. Comm'r of Soc. Sec.* and *Bizarre v. Comm'r of Soc. Sec.*, --- F.3d ---, 2020 WL 370832, at *1 n.3 (3d Cir. Jan. 23, 2020).

addressed because the improperly-appointed ALJ was powerless to resolve those claims. *Lucia*, 138 S.Ct. at 2055. Accordingly, by an implementing Order that follows, Plaintiff's case will be remanded for assignment to a different, constitutionally appointed ALJ to hold a new hearing and issue a decision.