**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

|   |   |   |
|---|---|---|
| SARAH ANN FLYNN, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 19-0058 |
| | : | |
| ANDREW M. SAUL[1], COMMISSIONER | : | |
| OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

_____

**Henry S. Perkin, M.J.**                                                     **June 22, 2021**

## <u>MEMORANDUM</u>

Presently before the Court are Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act (ECF No. 21); Defendant's Response to Plaintiff's Motion (ECF No. 22); and Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion (ECF No. 43.) For the reasons set forth below, Plaintiff's motion will be **DENIED**.

## I. BACKGROUND

On November 19, 2014, Plaintiff filed for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. (Tr. 21, 91) Plaintiff's application for DIB was denied at the initial level on February 26, 2015 and she filed a timely request for a hearing before an Administrative Law Judge ("ALJ") on March 17, 2015. (Tr. 21, 91-103, 111-112.) Plaintiff subsequently filed for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act on January 25, 2017 and the claim was escalated to the hearing level without an initial disposition. (Tr. 21.) Plaintiff proceeded to a hearing before an ALJ who, on April 25, 2017, issued an unfavorable decision, finding that Plaintiff was not disabled. (Tr. 18-39.) The Appeals Council denied Plaintiff's request for review on November 19, 2018. (Tr. 1-6.)

---

[1] On June 17, 2019, Andrew M. Saul was sworn in as the Commissioner of the Social Security Administration and, therefore, he should be automatically substituted as the Defendant in this action. <u>See</u> Fed. R. Civ. P. 25(d).

Seeking judicial review of the Commissioner's decision, Plaintiff initiated a civil action on December 11, 2018. (ECF No. 2.) In her request for review, Plaintiff raised three claims, one which was premised on *Lucia v. Securities and Exchange Commission*, 138 S. Ct. 2044 (2018), that the administrative law judge ("ALJ") who decided her case was not appointed in compliance with the Appointments Clause of the U.S. Constitution. (ECF No. 10 at 3.) The Commissioner conceded that the ALJ who presided over Plaintiff's case was not constitutionally appointed, but, nonetheless, argued that Plaintiff had forfeited this claim by not challenging the ALJ's appointment in the agency proceeding. (ECF No. 13 at 5-15.)

On January 23, 2020, while this case was still pending before this Court, the Third Circuit issued its decision in *Cirko on behalf of Cirko v. Commissioner of Social Security*, 948 F.3d 148 (3d Cir. 2020). In *Cirko*, the Third Circuit held that Social Security disability claimants may raise Appointments Clause challenges in federal court without having exhausted those claims before the Agency. *Id.* at 152. The Third Circuit further remanded the case for a hearing before a properly appointed ALJ other than the ALJ who decided Plaintiff's case. *Id.* at 159.

Consistent with *Cirko*, this Court remanded the case to the Commissioner for assignment to a different, constitutionally appointed ALJ to hold a new hearing and issue a decision. (ECF No. 19.) Following that remand, Plaintiff filed a Motion for Attorneys' Fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (ECF No. 21.)

## II. LEGAL STANDARD

Congress enacted the EAJA "to remove an obstacle to contesting unreasonable governmental action through litigation posed by the expense involved in securing the vindication of a party's rights in the courts." *Dougherty v. Lehman*, 711 F.2d 555, 562 (3d Cir. 1983) (internal quotations omitted). Pursuant to the EAJA:

> … a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, *unless the court finds that the position of the United States was substantially justified* or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A)(emphasis added). The burden of demonstrating such substantial justification rests on the government. *Scarborough v. Principi*, 541 U.S. 401, 414 (2004).

The Supreme Court defines "substantially justified" as "justified in substance or in the main" which is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). To demonstrate that his position could satisfy a reasonable person, the Commissioner must establish "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Morgan v. Perry*, 142 F.3d 670, 684 (3d Cir. 1998). "[A] court cannot assume that the government's position was not substantially justified simply because the government lost on the merits." *Id.* at 685. Rather, when deciding whether the Commissioner is substantially justified, this Court must determine whether the government's position – taken at the administrative level and during litigation – has a reasonable basis in both fact and law. *See id.* at 684.

## III. DISCUSSION

The parties do not contest that Plaintiff is the prevailing party. See *Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (holding that the party is a prevailing one if the court remanded the case pursuant to 42 U.S.C. § 405(g), fourth sentence). Accordingly, this Court will consider both the Commissioner's pre-litigation position, at the administrative level, and litigation position, before this Court, to determine if Plaintiff is entitled to attorneys' fees.

### a. The Commissioner's Pre-litigation Position was Substantially Justified

The Commissioner contends his position at the administrative level was substantially justified because: (1) Plaintiff never raised an objection to the appointment of the ALJ during the administrative proceedings and (2) the Commissioner was not required to raise an Appointments Clause issue *sua sponte*. (ECF No. 22 at 4-5.) In support of this argument, the Commissioner maintains that, "[a]n administrative agency's action or inaction is reasonable if it does not offend 'settled law.'" *Id.* at 5 (citing *Vacchio v. Ashcroft*, 404 F.3d 663, 675 (2d Cir. 2005)). "No settled law mandates that the Commissioner, through either an ALJ or the Appeals Council, must *sua sponte* raise an Appointments Clause issue that was not raised by the claimant." *Id.*

Plaintiff responds that the Commissioner's pre-litigation position can not have been substantially justified as the ALJ who heard her claim was not properly appointed and "it is hard to see how a decision by an unconstitutional decision-maker can ever be substantially justified." (ECF No. 23 at 4.) Plaintiff further insists that "it is implausible to argue that the Agency's position was substantially justified during the administrative proceedings for [Plaintiff] when she had no remedy to the Commissioner's" violation of her right to have a hearing before a properly appointed ALJ. (*Id.* at 5.)

This Court first looks to the timeline of events, and the Commissioner's position throughout the administrative proceedings, to address this dispute. On April 25, 2017, the ALJ denied Plaintiff's request for benefits. Shortly after, on June 21, 2018, the Supreme Court issued its decision in *Lucia*, finding that ALJs of the Securities and Exchange Commission ("SEC") are inferior officers who must be appointed pursuant to the Appointments Clause. 138 S. Ct. 2044, 2055 (2018). In response to *Lucia*, the Acting Commissioner of Social Security reappointed the Agency's administrative judges under her own authority on July 16, 2018. On November 28, 2018, the Appeals Council denied Plaintiff's request for review. Plaintiff did not raise an Appointments Clause challenge at any point during the administrative proceeding.

As noted by the Honorable Linda K. Caracappa, "[f]ollowing *Lucia*, the Commissioner conceded that SSA ALJ's were not constitutionally appointed" and reappointed the Agency's administrative judges. *Brink v. Saul*, No. CV 19-2350, 2020 WL 4674116, at *3 (E.D. Pa. Aug. 12, 2020). Thus, the issue at bar was not the constitutionality of the ALJ's appointment, but rather, the exhaustion requirement of an Appointment Clause challenge. *Id.*

Where "the case turns on an unsettled or 'close question of law,' ... the government usually will be able to establish that its legal theory was 'reasonable,' even if it was not ultimately accepted as legal by the courts." *Washington v. Heckler*, 756 F.2d 959, 961 (3d Cir. 1985)(quoting *Dougherty*, 711 F.2d at 563). This Court finds that, at the pre-litigation administrative level, the question of whether a claimant must exhaust his or her Appointments Clause challenge before obtaining judicial review remained unsettled law. As explained in this Court's Memorandum and Opinion granting Plaintiff's request for review, *Lucia* specifically concerned the appointment of SEC ALJs. (ECF Nos. 19, 20.) The Supreme Court explained that a plaintiff is entitled to relief if they make a "timely challenge" to "the constitutionally validity of the appointment of an officer who adjudicates his case. *Lucia*, 138 S. Ct. at 2055. While *Lucia*

found that the plaintiff had made a timely challenge by raising the Appointments Clause issue before the SEC, it did not define what qualifies as a "timely challenge." *Id.*

Until the Third Circuit issued its decision in *Cirko*, holding that claimants for Social Security disability benefits could make Appointments Clause challenges "in federal court without having exhausted those claims before the agency," the law regarding what constitutes a timely challenge in the Social Security context was not settled in this district. 948 F.3d at 152. "The majority of district courts throughout the country found that a plaintiff was required to exhaust the issue, while our own district was split in the decision on the issue." *Brink*, 2020 WL 4674116, at *4. Accordingly, though Plaintiff now argues that the Commissioner's pre-litigation position was unconstitutional because the ALJ was not properly appointed, this misconstrues the issue at hand. As discussed, the Commissioner conceded that the Agency's ALJs were unconstitutionally appointed following *Lucia*. The question is instead whether there existed an exhaustion requirement for Plaintiff's Appointments Clause claim.

Plaintiff did not raise her Appointments Clause challenge at the administrative level, and the Commissioner did not raise it on behalf of Plaintiff before the Appeals Council. Plaintiff has not cited any authority, and this Court has found none, to support the position that the Commissioner, through either an ALJ or the Appeals Council, must *sua sponte* raise an Appointments Clause issue. Thus, because the law on exhaustion of an Appointments Clause challenge was neither clear nor settled during the administrative proceedings, I find that the Commissioner's pre-litigation position was substantially justified. *See Washington*, 756 F.2d at 961.

### b. The Commissioner's Litigation Position was Substantially Justified

The Commissioner also argues that his litigation position, arguing forfeiture of the Appointments Clause challenge, was substantially justified. This Court turns to the three-part test articulated in *Morgan* to determine whether the Commissioner has met his burden of demonstrating that his position was substantially justified.

First, regarding the facts alleged, it is undisputed that Plaintiff failed to raise her appointments Clause challenge during the administrative proceedings. Thus, the Commissioner has a reasonable factual basis for alleging forfeiture. *Morgan*, 142 F.3d at 684.

Second, I find that the Commissioner had a reasonable basis in law for the theory it propounded. The Commissioner contends that, although the Third Circuit in *Cirko* disagreed with its position and found that exhaustion is not required for Social Security claimants raising an Appointments Clause challenge, "this was a close question of unsettled law." (ECF No. 22 at 5.) In support of this argument, the Commissioner maintains that, at the time he raised the forfeiture argument, prior to the Third Circuit's decision in *Cirko*, "34 out of the 35 district courts… including the Eastern District of Pennsylvania, had rejected attacks on the validity on an SSA AL"'s appointment where the claimant failed to make the constitutional challenge at the administrative level." *Id.* He add that "[a]s of this filing, the vast majority of district courts outside of the Third Circuit have agreed with the Commissioner's position." Id. (citing *Dewbre v. Comm'r of Soc. Sec.*, 2019 WL 4344288, at *6 (N.D. Iowa Sept. 12, 2019) (collecting cases from 23 districts)).

Plaintiff responds that forfeiture issue relied on by the Commissioner "is not one of 'unsettled law.'" (ECF No. 23 at 2.) Plaintiff argues that the *Cirko* Court found that "well-established law supported findings that" (1) the nature of Appointments Clause claims does not favor finding issue exhaustion, (2) the nature of Social Security appeals counsels against imposing a judicially created rule of issue exhaustion, and (3) balancing of the individual and Government interests weight against requiring issue exhaustion. *Id.* Further "[a]ll three holdings were based on Supreme Court decisions that were issued prior to the Administration's litigation position in this case." *Id.* Finally, Plaintiff claims the holding in *Cirko* was not based on "a close question" of law as "none of the Judges on the *Cirko* panel dissented from the holding." *Id.* at 3.

This Court finds the Commissioner's argument persuasive. At the time the Commissioner filed his response to Plaintiff's request for review, there was no Supreme Court or Third Circuit authority on the issue of whether Appointments Clause arguments were subject to an administrative exhaustion requirement in the Social Security context. Within the Third Circuit and the Eastern District of Pennsylvania, there existed a split on this issue.[2] Many courts agreed

---

[2] Following *Cirko*, there was also a Circuit split regarding the exhaustion requirement for Social Security claimants raising Appointments Clause challenges for the first time in federal court. The U.S. Courts of Appeals for the Eighth and Tenth Circuits adopted the Commissioner's forfeiture argument. *See Davis v. Saul*, 963 F.3d 790 (8th Cir. 2020); *Carr v. Comm'r, SSA*, 961 F.3d 1267, 1268 (10th Cir. 2020). The Third, Fourth, and Sixth Circuits all held the opposite, finding that claimants may challenge the constitutionality of an SSA ALJ's appointment for the first time in federal court. *See Cirko*, 948 F.3d 148; *Probst v. Saul*, 980 F.3d 1015 (4th Cir. 2020); *Ramsey v. Commissioner of Social Security*, 973 F.3d 537 (6th Cir. 2020). On April 22, 2021, the Supreme Court resolved this

with Commissioner's litigation position of requiring administrative exhaustion. *See, e.g.*
*Muhammad v. Berryhill*, 381 F. Supp. 3d 462, 471 (E.D. Pa. 2019) (holding that plaintiff
forfeited his Appointments Clause claim due to failure to exhaust); *Marchant ex rel. A.A.H. v.*
*Berryhill,* No. CV 18-0345, 2019 WL 2268982, at *8 (E.D. Pa. May 28, 2019) (holding that
plaintiff failed to raise a timely Appointments Clause challenge"); *Sprouse v. Berryhill*, 363 F.
Supp. 3d 543 (D.N.J. 2019) (finding specifically that Appointments Clause challenges must be
raised before the ALJ); *Cox v. Berryhill*, No. 16-5434, 2018 WL 7585561, at *2 (E.D. Pa. Dec.
18, 2018) (finding Appointments Clause challenge waived). During this same time, a number of
cases were remanded, finding no exhaustion requirement at the administrative level. *See, e.g.*
*Kellett v. Berryhill*, No. CV 18-4757, 2019 WL 2339968, at *8 (E.D. Pa. June 3, 2019) (finding
the claimant was not required to raise his Appointments Clause claim before the ALJ or Appeals
Council); *Ready v. Berryhill*, No. 18-04289, 2019 WL 1934874, at *3 (E.D. Pa. Apr. 30,
2019)(same); *Culclasure v. Comm'r of Soc. Sec. Admin.*, 375 F. Supp. 3d 559, 573–74 (E.D. Pa.
2019)(same); *Bizarre v. Berryhill*, 364 F. Supp. 3d 418, 424–25 (M.D. Pa. Mar. 4, 2019)(same).

As previously discussed, the Commissioner can take a substantially justified position
even where he does not prevail on the merits. *Morgan*, 142 F.3d at 684. Although the Third
Circuit in *Cirko* rejected the Commissioner's position, it does not establish that the
Commissioner's position was not substantially justified. *See Cortese v. Comm'r of Soc. Sec, No.*
*18-3437, 2020 WL 2745741*, at *1 (E.D. Pa. May 27, 2020) ("Losing a close call on a disputed
issue of law does not mean the Commissioner lacked substantial justification for his position and
is not the basis for a fee award to a claimant under the Act."). Given the broad support within
the Third Circuit for the Commissioner's position, I find that the Commissioner had a reasonable
basis in law for advancing his argument that Plaintiff must exhaustion her Appointments Clause
challenge at the administrative level.[3]

Analyzing the third and final prong articulated in *Morgan*, I find that the Commissioner
has established a reasonable connection between the facts alleged and the legal theory advanced.

split, finding in accordance with the Third, Fourth, and Sixth Circuits that (1) it was inappropriate to judicially
impose an issue-exhaustion requirement on claimants' challenges to the appointments of administrative law judges
who heard their benefits claims and (2) these claimants' Appointments Clause challenges were timely raised for the
first time on review of the administrative decision in federal court. *Carr v. Saul*, 141 S. Ct. 1352, 1358-62 (2021).

[3] Plaintiff also argues that the Commissioner's position is not substantially justified on "errors made in the
ALJ's Decision" on the merits. Because the Court remanded Plaintiff's case without deciding the underlying merits
of the ALJ's decision, the Court will not consider this argument. *See Holmes*, 2020 WL 2126787, at *3 n.1.

142 F.3d at 684. Plaintiff did not raise the Appointments Clause challenge at the administrative level. Because of this, there was a reasonable connection between that alleged fact and the Commissioner's exhaustion defense.

This Court further notes that the majority of judges in the Eastern District of Pennsylvania agree with this Court's finding that the Commissioner's litigation position was substantially justified. *See, e.g. Sanders v. Saul*, No. CV 18-3325, 2021 WL 1122627, at *4 (E.D. Pa. Mar. 24, 2021) (denying attorney's fees under the EAJA because the Commissioner's position was substantially justified); *McNeish v. Saul*, No. CV 18-582, 2020 WL 4060322, at *6 (E.D. Pa. July 20, 2020)(same); *Wojciechowski v. Saul*, Civ. A. No. 18-3843, 2020 WL 3542248 (E.D. Pa. June 30, 2020)(same), *Brito v. Saul*, Civ. A. No. 19-2160, 2020 WL 3498099 (E.D. Pa. June 29, 2020) (same), *Lebron-Torres v. Comm'r of Soc. Sec. Admin.*, Civ. A. No. 18-1212, 2020 WL 3488424 (E.D. Pa. June 26, 2020) (same), *Marant v. Saul,* No. CV 18-4832, 2020 WL 3402416, at *6 (E.D. Pa. June 19, 2020) (same), *Hill v. Saul*, Civ. A. No. 18-5564, 2020 WL 3250484 (E.D. Pa. June 16, 2020) (same), *Diaz v. Saul*, Civ. A. No. 18-5075, 2020 WL 3127941 (E.D. Pa. June 12, 2020) (same); *Cortese*, 2020 WL 2745741, at *1 (same); and *Holmes v. Berryhill*, No. CV 19-784, 2020 WL 2126787, at *3 (E.D. Pa. May 4, 2020) (same).

## IV.  CONCLUSION

Although Plaintiff was the prevailing party, the Commissioner's position, both during pre-litigation and litigation, was substantially justified. Therefore, in accordance with the decisions of the majority of other judges in this district, Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act (ECF No. 21) is denied.

An appropriate order follows.